**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-25511-CIV-ALTONAGA/Reid**

**NATHAN BEMENT**,

Plaintiff,

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 769**, *et al.*,

Defendants.

_______________________________________/

## ORDER

**THIS CAUSE** came before the Court on Defendants, International Brotherhood of Teamsters, Local 769 ("Local 769") and Thomas Esposito's Motion to Dismiss [ECF No. 23]. Plaintiff, Nathan Bement filed a Response [ECF No. 24]; to which Defendants filed a Reply [ECF No. 26]. The Court has reviewed the Amended Complaint [ECF No. 6], the parties' written submissions, and applicable law. For the following reasons, the Motion is granted in part.

## I. BACKGROUND

This is a religious discrimination lawsuit. Plaintiff is a Christian man who was a member of Local 769, a labor union. (*See* Am. Compl. 1–2).[1] Esposito was a business agent of Local 769. (*See id.* 2). Plaintiff began working for non-party United Airlines ("United") in 1989. (*See id.*). In August 2021, United implemented a mandatory Covid-19 vaccine requirement for its employees. (*See id.*).

[1] The paragraph numbering in the Amended Complaint restarts at 1 four separate times. (*See generally* Am. Compl.). The Court therefore does not cite the Amended Complaint's paragraphs and instead refers to its page numbers. The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Plaintiff alleges his Christian beliefs prohibit him from receiving vaccines for Covid-19. (*See id.* 1–2). On September 23, 2021, Plaintiff requested an exemption from United's vaccine mandate based on his religious beliefs. (*See id.* 3). On December 7, 2021, United denied the request and terminated him. (*See id.*).

Plaintiff alleges that "[t]hroughout this process, [he] requested representation, assistance, and grievance filing from" Defendants, but they took no action on his behalf. (*Id.* (alterations added)). Plaintiff further alleges that "[d]uring the same period, Defendants represented other members with non-religious grievances." (*Id.* (alteration added)). Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a Right-to-Sue letter dated August 25, 2025. (*See id.*). He asserts injury based on his termination, lost wages and benefits, lost seniority, and emotional distress. (*See id.*).

Plaintiff initiated this action on November 24, 2025. (*See generally* Complaint [ECF No. 1]). In the Amended Complaint, Plaintiff asserts three claims for relief. (*See generally* Nov. 25, 2025 Order [ECF No. 5]; Am. Compl.). In Count I, Plaintiff alleges Local 769 breached its statutory duty of fair representation under the Railway Labor Act ("RLA"), 45 U.S.C. section 151 *et seq*. (*See* Am. Compl. 3–4). In Count II, Plaintiff alleges Defendants discriminated against him based on his religion, in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. section 2000e–2(c). (*See* Am. Compl. 4). In Count III, Plaintiff alleges Defendants retaliated against him because of his request for a religious accommodation, in violation of Title VII, 42 U.S.C. section 2000e–3. (*See* Am. Compl. 4–5). Plaintiff appears to assert Counts II and III against Esposito both individually and in his official capacity as a business agent of Local 769. (*See id.* 2).

On March 13, 2026, Defendants moved to dismiss the Amended Complaint with prejudice for failure to state claims upon which relief may be granted. (*See generally* Mot.).

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim tests the sufficiency of the pleading; it does not decide the merits of the case. *See Milburn v. United States*, 734 F.2d 762, 764–65 (11th Cir. 1984). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[,]" *id.* (alteration added; quoting *Twombly*, 550 U.S. at 555), or "a formulaic recitation of the elements of a cause of action[,]" *Twombly*, 550 U.S. at 555 (alteration added). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (alteration added; citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard[,]" a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (alterations added; citing *Twombly*, 550 U.S. at 556). On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

## III. DISCUSSION

### A. Esposito

Plaintiff sues Esposito both individually and in his official capacity as a business agent of Local 769. (*See* Am. Compl. 1–2). Defendants assume Plaintiff is asserting each Count against Esposito and argue that all three must be dismissed as to Esposito: because (1) there is no individual or official-capacity liability for an alleged breach of the duty of fair representation (Count I); (2) Title VII does not impose individual liability (Counts II and III); and (3) the official-liability claims are redundant of those against Local 769 (Counts II and III). (*See* Mot. 6–9).

Regarding Count I, the Amended Complaint does not assert Count I against Esposito, only against Local 769. (*See* Am. Compl. 3–4). The Court therefore only addresses the parties' contentions regarding Esposito with respect to Counts II and III.

Plaintiff "does not contest" that "Title VII does not impose individual liability on union officers[.]" (Resp. 6 (alteration added; citation omitted)); *see also Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("[T]he relief granted under Title VII is against the [entity], not against individual[s.]" (alterations added; other alteration adopted; quotation marks and citations omitted)); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). The Court therefore dismisses Counts II and III to the extent Plaintiff asserts either against Esposito in his individual capacity. *Cf. Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("A party's failure to respond to any portion or claim in a motion indicates such portion, claim[,] or defense is unopposed." (alteration adopted; other alteration added; quotation marks and citation omitted)).

Defendants further assert Counts II and III should be dismissed as to Esposito in his official capacity because they are duplicative of those Counts asserted against Local 769. (*See* Mot. 8–9). Plaintiff "does not oppose treating the official-capacity claims as redundant of the claims against

Local 769." (Resp. 6). But the "redundancy" of Counts II and III as against Esposito in his official capacity does not, without more, warrant dismissal of those claims.

While "[c]laims against individuals in their official capacities generally represent only another way of pleading an action against an entity of which an officer is an agent, and are in all respects other than name, to be treated as a suit against the entity[,]" *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1328 (11th Cir. 2024) (alterations added; quotation marks omitted; quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)), a claim's redundancy does not warrant its dismissal at the pleading stage, *see New Mkt. Realty 1L LLC v. Great Lakes Ins. SE*, 341 F.R.D. 322, 327 (M.D. Fla. Apr. 22, 2022) ("[M]otions to dismiss made under Rule 12(b)(6) only test the validity of the claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid." (alteration added; quotation marks and citation omitted)).

In the sole case Defendants cite in support of their argument that the official-capacity claims against Esposito should be dismissed, the court dismissed the official-capacity claim in addressing a summary judgment motion, not on a motion to dismiss. (*See* Mot. 9 (citing *Shoots v. City of Mobile*, No. 11-00673, 2013 WL 3281875, at *3 (S.D. Ala. June 28, 2013))); *see also Gordon v. Bd. of Sch. Comm'rs of Mobile Cnty.*, No. 09-0797, 2011 WL 773033, at *1 n.3 (S.D. Ala. Mar. 1, 2011) (dismissing as redundant, on a motion for summary judgment, a Title VII claim against an individual defendant in his official capacity where plaintiff separately named the individual defendant's employer as a defendant); *Masters v. City of Glencoe*, No. cv-05-1879, 2007 WL 9711640, at *14–15 (N.D. Ala. Jan. 10, 2007) (same).

The Court therefore declines to dismiss Counts II and III against Esposito on the basis of redundancy.[2]

---

[2] The Court also declines to dismiss Counts II and III against Esposito in his official capacity on the basis that the Amended Complaint fails to "identify any particular action taken by Esposito or any decision

**B. <u>Count I: Time Bar</u>**

Defendants assert that Count I — Plaintiff's claim for breach of the duty of fair representation under the RLA — is time-barred by a six-month limitations period. (*See* Mot. 2–3; *see also* Reply 1–2). Plaintiff acknowledges the pleading does not set forth a clear timeline but maintains dismissal of Count I based on the statute of limitations is improper. (*See* Resp. 5–6).

The claim in Count I is subject to a six-month limitations period. *See Smallakoff v. Air Line Pilots Ass'n, Int'l*, 825 F.2d 1544, 1546 (11th Cir. 1987); (*see also* Resp. 5–6 (not contesting the applicability of the six-month limitations period)). The limitations period "starts running when the plaintiff was or should have been aware of the acts constituting the alleged violation." *Dunn v. Air Line Pilots Ass'n*, 836 F. Supp. 1574, 1582 (S.D. Fla. 1993) (quotation marks omitted; quoting *Proudfoot v. Seafarer's Int'l Union,* 779 F.2d 1558, 1559 (11th Cir.1986)), *aff'd on other grounds*, 193 F.3d 1185 (11th Cir. 1999). A court may dismiss a complaint based on the applicable statute of limitations "only if it appears beyond a doubt that [p]laintiffs can prove no set of facts that toll the statute." *Conley v. Vacanti*, No. 23-60384-Civ, 2024 WL 3791910, at *3 (S.D. Fla. Jan. 3, 2024) (alteration added; quotation marks omitted; quoting *Keira v. U.S. Postal Inspection Serv.*, 157 F. App'x 135, 136 (11th Cir. 2005)); *see also La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (dismissal of a claim at the pleading stage based on a time bar is appropriate "only if it is apparent from the face of the complaint that the claim is time-barred" (quotation marks and citations omitted)).

It is not apparent on the face of the Amended Complaint that Plaintiff became or should have become aware of the acts constituting the alleged violation more than six months before filing

---

attributable to him personally." (Mot. 9). As Defendants appear to agree, a suit against an individual in his official capacity is functionally the same as a suit against an entity. *See Rodemaker*, 110 F.4th at 1328; (*see* Mot. 9 (seeking dismissal of Counts II and III against Esposito based on redundancy)). Counts II and III, both as against Local 769 and Esposito, therefore depend on the actions of Local 769, not those of Esposito.

this action. Plaintiff alleges he requested a religious accommodation from United's vaccine policy on September 23, 2021, and United denied the request and terminated Plaintiff on December 7, 2021. (*See* Am. Compl. 3). Plaintiff then alleges that "[t]hroughout this process, Plaintiff requested representation, assistance, and grievance filing from" Defendants, and Defendants did nothing "whatsoever[,]" while representing other union members with non-religious grievances. (*Id.* (alterations added)).

It is not clear to what "this process" refers. One interpretation — which Defendants press — is that Plaintiff alleges Defendants committed breaches of their duty of fair representation leading up to, and ending with, Plaintiff's December 7, 2021 termination. (*See* Mot. 3; Reply 1–2). But Plaintiff does not clearly allege the violations ended on December 7, 2021. As pleaded, Count I may embrace alleged breaches of the duty of fair representation postdating Defendant's termination, in connection with requests for representation, assistance, and grievance filing thereafter. (*See* Am. Compl. 3–4). Discovery (or amendment) may clarify the potential applicability of the limitations defense, but as pleaded, it does not "appear[] beyond a doubt that Plaintiff[] can prove no set of facts" whereby Count I is timely. *Conley*, 2024 WL 3791910, at *3 (alterations added; quotation marks and citation omitted); *see also Brooks*, 116 F.3d at 1369 (court must construe complaint in the light most favorable to the plaintiff on a motion to dismiss).

Therefore, the Court declines to dismiss Count I as time-barred.

### C. Count II: Failure to State a Claim

Next, Defendants contend Count II fails to state a Title VII claim because there are insufficient allegations to plausibly allege religious discrimination. (*See* Mot. 4–5). Plaintiff insists his allegations are sufficient. (*See* Resp. 2–4).

Title VII covers labor unions and prohibits them from discriminating on protected grounds. *See* 42 U.S.C. § 2000e–2(c); *see also, e.g.*, *Henderson v. Dade Cnty. Police Benevolent Ass'n, Inc.*, No. 14-20321-Civ, 2014 WL 3591600, at *5 (S.D. Fla. July 18, 2014) (citations omitted); *id.* at *5–12 (analyzing Title VII discrimination and retaliation claims against union). Count II appears to assert a violation of 42 U.S.C. section 2000e–2(c)(1), which makes it an unlawful employment practice for a labor organization "to discriminate against[] any individual because of his race, color, religion, sex, or national origin[.]" *Id.* (alterations added); (*see* Am. Compl. 4).

"To state a []discrimination claim under Title VII, a complaint need only provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (alterations added; quotation marks and citation omitted); *see also Equal Emp. Opportunity Comm'n v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1023 (11th Cir. 2016) (a complaint need only "set out enough factual content to allow a court to draw the reasonable inference" that the defendant is liable for the alleged discrimination (quotation marks and citation omitted)). A pleading need not establish a prima facie case of discrimination. *See Surtain*, 789 F.3d at 1246. But if a plaintiff alleges discrimination based on differential treatment of a similarly situated individual, he must sufficiently allege the comparator was in fact situated similarly to him in order to raise a reasonable inference of discrimination. *See, e.g.*, *Lacy v. City of Huntsville*, No. 21-11410, 2022 WL 303385, at *4–5 (11th Cir. Feb. 2, 2022).

Plaintiff's sole allegation of religious discrimination is that during the relevant period, "Defendants represented other members with non-religious grievances." (Am. Compl. 3; *see also id.* 3–4 (making other allegations that do not raise a reasonable inference of discrimination, including that Local 769 had an anti-discrimination policy)); *see also Ramirez v. Walmart, Inc.*, No. 23-13702, 2024 WL 4880378, at *2 (11th Cir. Nov. 25, 2024) (conclusory allegations do not

support a plausible inference of discrimination). That allegation, without corroborating facts, does not suggest intentional discrimination; it merely raises "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).

To be sure, insufficient allegations regarding a similarly situated individual do not, on their own, mean a Title VII discrimination claim is inadequately pleaded. *See Horace v. ARIA*, No. 23-12414, 2024 WL 1174398, at *6 (11th Cir. Mar. 19, 2024) (citation omitted). But where a Title VII plaintiff alleges discrimination based solely on differential treatment of a comparator, he must adequately substantiate that allegation. *See, e.g.*, *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012) (Title VII discrimination claim based solely on conclusory allegations of disparate treatment that are not "supplement[ed] . . . with any factual detail" fails at the pleading stage (alterations added)); *Veale v. Fla. Dep't of Health*, No. 13-cv-77, 2013 WL 5703577, at *4–5 (M.D. Fla. July 29, 2013) (same); *Lacy*, 2022 WL 303385, at *4–5 (dismissing claim that "failed to allege [plaintiff] was treated less favorably than a similarly situated individual outside of her protected class" and "did not allege any other facts" supporting discrimination (alteration added)).

On this barebones pleading, Plaintiff's unsubstantiated allegation of Defendants' differential treatment does not "provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Surtain*, 789 F.3d at 1246 (alteration added). Count II is due to be dismissed.

**D. <u>Count III: Failure to State a Claim</u>**

Finally, Defendants contend Count III fails to state a Title VII claim because there are insufficient allegations to plausibly allege retaliation. (*See* Mot. 5–6). Title VII prohibits labor unions from retaliating against their members for engaging in protected activities. *See* 42 U.S.C. § 2000e–3(a); *see also, e.g.*, *Dade Cnty. Police Benevolent Ass'n, Inc.*, 2014 WL 3591600, at *10

(citations omitted); *Booth v. Pasco Cnty.*, 829 F. Supp. 2d 1180, 1198–1204 (M.D. Fla. 2011) (analyzing Title VII retaliation claim against a union).

To state a retaliation claim, a plaintiff "must plausibly allege he engaged in statutorily protected expression, he suffered a materially adverse . . . action, and there was a causal link between the protected expression and adverse action." *Henderson v. City of Birmingham*, 826 F. App'x 736, 741 (11th Cir. 2020) (alteration added; citation omitted). For the protected expression element, section 2000e–3(a) prohibits retaliation because an individual "has opposed any practice made an unlawful employment practice by this subchapter" and because an individual has "participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a); *see also Ceus v. City of Tampa*, 803 F. App'x 235, 245 (11th Cir. 2020) (citing 42 U.S.C. § 2000e–3(a)).

The latter clause only protects activities related to a formal charge filed with the EEOC, not internal or informal complaints. *See Ceus*, 803 F. App'x at 246 (citation omitted). To allege protected opposition under the first clause, Plaintiff must allege he "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Id.* at 245 (quotation marks and citation omitted). This standard has a subjective and an objective component: "a plaintiff must allege both that he honestly believed his employer was engaged in unlawful employment practices, and that his belief was objectively reasonable." *Id.* (citation omitted). "Objective belief is measured against the controlling substantive law." *Id.* (citation omitted). Plaintiff certainly need not "prove that the discriminatory conduct complained of was actually unlawful[,]" but the allegations regarding the conduct must support an objectively reasonable belief that the conduct was unlawful. *See Allen v. Jimerson*, No. 23-cv-5389, 2025 WL 2171727,

at *8 (N.D. Ga. May 23, 2025) (alteration added; quotation marks omitted; quoting *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1311 (11th Cir. 2016)).

As to the second element, material retaliation is something that might dissuade a worker from making a charge of discrimination. *See City of Birmingham*, 826 F. App'x at 741–42. For the third element, a plaintiff "can demonstrate causation by showing close temporal proximity between" the protected activity and the adverse action, *id.* at 742, or through other facts, *see Bonds v. Fulton Cnty. Sch. Dist.*, No. 22-cv-01470, 2022 WL 22869775, at *4 (N.D. Ga. Oct. 27, 2022) (citations omitted).

Defendants assert Count III fails to state a claim because Plaintiff fails to adequately allege all three elements of a retaliation claim. (*See* Mot. 5–6). The Court agrees as to the first element.

Plaintiff alleges he engaged in statutorily protected activity "by requesting a religious accommodation and opposing discrimination." (Am. Compl. 5).[3] Plaintiff's religious accommodation request does not qualify as participation in a Title VII investigation or proceeding, as it did not involve a formal EEOC charge. *See Ceus*, 803 F. App'x at 246 (citation omitted).

As Plaintiff pleads it, he engaged in protected activity by requesting a religious accommodation from United, for which his union, Local 769, retaliated against him.[4] To satisfy the first element of a retaliation claim, then, Plaintiff must allege a subjectively and objectively reasonable belief that United was discriminating on the basis of religion. *See Raphael v. JM Fam.*

---

[3] Plaintiff does not substantiate his unadorned allegation that he "oppos[ed] discrimination[,]" so the Court analyzes only whether Plaintiff's other conduct — his accommodation request — is sufficient to adequately allege the first element of a retaliation claim. (Am. Compl. 5 (alterations added)); *see Twombly*, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action" is insufficient (citation omitted)).

[4] Defendants assert that for Count III, Plaintiff must have engaged in protected activity directed at Defendants, rather than at a third party (United). (*See* Mot. 6). The retaliation provision does not have such a requirement. *See* 42 U.S.C. § 2000e–3(a) ("It shall be an unlawful employment practice for . . . a labor organization to discriminate against any member . . . because he has opposed any practice made an unlawful employment practice by this subchapter[.]" (alterations added)).

*Enters., Inc.*, No. 21-60530-Civ, 2022 WL 2304434, at *3 (S.D. Fla. June 27, 2022) (citing *Ceus*, 803 F. App'x at 245). But Plaintiff alleges nothing about United's unlawful employment practices. Plaintiff simply alleges he worked for United, United implemented a mandatory vaccine requirement, Plaintiff requested a religious exemption, and United denied the request and terminated him. (*See* Am. Compl. 2–3).

Without any plausible facts describing United's discrimination — let alone sufficient allegations to support an objectively reasonable belief that United discriminated — Plaintiff fails to adequately allege Count III's first element. *See Surtain*, 789 F.3d at 1246 (a plaintiff must "provide enough factual matter (taken as true) to suggest intentional employment discrimination" (quotation marks and citation omitted)); *Ceus*, 803 F. App'x at 245 ("Objective belief is measured against the controlling substantive law." (citation omitted)); *see also id.* at 246 (where plaintiff "generally decries racism within [his employer], [but plaintiff] does not tie that assertion to any specific discrimination he or anyone else employed by [his employer] faced" he "does not allege that [his employer] took any unlawful employment actions" (alterations added)); *Williams v. Atlanta Pub. Sch. Sys.*, No. 20-cv-2764, 2022 WL 22393566, at *8 (N.D. Ga. July 25, 2022) ("[T]he facts alleged simply do not suggest any reasonable basis for [p]laintiff's belief that [the] behavior was racially driven[.]" (alterations added)).[5]

As Plaintiff fails to adequately allege Count III's first element, the Court does not reach the parties' contentions regarding the remaining elements.[6]

---

[5] To the extent Plaintiff's theory is that his request for union assistance was the protected activity (*see* Resp. 4), that theory fails for the same reasons as his discrimination claim against Local 769 does — as Plaintiff does not plausibly allege Local 769 engaged in an unlawful employment practice, he fails to adequately allege an objectively reasonable belief that Local 769 retaliated against him.

[6] While the Court does not reach causation, it cautions Plaintiff that upon amendment, whether through temporal allegations or otherwise, Plaintiff must adequately allege causation if Count III is to state a claim.

## IV. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants, International Brotherhood of Teamsters, Local 769 and Thomas Esposito's Motion to Dismiss **[ECF No. 23]** is **GRANTED in part**. Plaintiff, Nathan Bement has until **May 1, 2026** to file an amended complaint.

**DONE AND ORDERED** in Miami, Florida, this 17th day of April, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record