**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-25511-CIV-ALTONAGA/Reid**

NATHAN BEMENT, )
)
Plaintiff, )
)
v. )
)
INTERNATIONAL BROTHERHOOD )
OF TEAMSTERS, LOCAL 769, )
and THOMAS ESPOSITO )

Defendants. )
_______________________________________/

**DEFENDANTS TEAMSTERS LOCAL UNION 769 AND THOMAS ESPOSITO'S**
**<u>ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES</u>**

Defendants, International Brotherhood of Teamsters, Local 769 ("Local 769"), and Thomas Esposito ("Esposito") file this Answer to Second Amended Complaint and Affirmative Defenses with the following numbers corresponding to each numbered paragraph of the Amended Complaint, unless otherwise stated.

1. Defendants admit that Plaintiff purports to bring claims under the Railway Labor Act and Title VII. Defendants state that Counts II and III alleging religious discrimination and retaliation have been dismissed without prejudice by the Court's June 10, 2026 Order [DE 47]. Defendants deny the remaining allegations of paragraph 1.
2. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's religious beliefs and tenure with United Airlines ("United"), and therefore deny those allegations. Defendants deny the remaining allegations of paragraph 2.
3. Denied.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's alleged actions opposing United's denial of his religious accommodation request, the filing or outcome of any Florida administrative complaint against United, or the factual allegations concerning United's alleged conduct, and therefore deny those allegations. Defendants deny the remaining allegations of paragraph 4.
5. Denied.
6. Admitted.
7. Admitted.
8. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's current or prior residence and therefore deny those allegations. Defendants admit that Plaintiff was, at relevant times, a dues-paying member of Local 769. Defendants deny the remaining allegations of paragraph 8.
9. Admitted.
10. Defendants admit that Esposito was, at relevant times, a Business Agent of Local 769 and that Plaintiff purports to sue Esposito in his official capacity. Defendants deny any allegation that Esposito is subject to liability on the remaining claim in this action. Defendants deny the remaining allegations of paragraph 10.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Employment and Religious Beliefs

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning when Plaintiff began working for United and therefore deny those allegations. Defendants admit only that Plaintiff accumulated seniority, wages, and

retirement benefits during his employment with United. Defendants deny the remaining allegations of paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore deny them.

**B. United's Vaccine Mandate and Its Discriminatory Administration**

13. Admitted.

14. Defendants admit that Plaintiff submitted a written religious-accommodation request to United. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the date of submission, the contents of the request, or Plaintiff's stated religious basis, and therefore deny those allegations. Defendants deny the remaining allegations of paragraph 14.

15. Defendants admit that United denied Plaintiff's religious-accommodation request as untimely. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the date of denial, United's internal review process, or whether United conducted any inquiry into the sincerity or substance of Plaintiff's religious beliefs, and therefore deny those allegations. Defendants deny the remaining allegations of paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore deny them.

17. Admitted.

18. Defendants admit that, following the November 15, 2021 fact-finding meeting, United issued Plaintiff a termination letter. Defendants further admit that Esposito was copied on the termination letter. Defendants deny that Esposito was the recipient of the termination

letter to the extent paragraph 18 so alleges. Defendants deny the remaining allegations of paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore deny them.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore deny them.

21. Defendants admit that United terminated Plaintiff's employment on or about December 7, 2021. Defendants deny the remaining allegations of paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore deny them.

23. Paragraph 23 is asserted "upon information and belief" and lacks supporting factual basis. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning United's internal practices or treatment of other employees and therefore deny them. Defendants deny the remaining allegations of paragraph 23.

24. Paragraph 24 is asserted "upon information and belief" and lacks supporting factual basis. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning United's treatment of other employees and therefore deny them. Defendants deny the remaining allegations of paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore deny them.

**C. Defendant's Refusal to Represent Plaintiff**

26. Defendants admit that Local 769 took the position that United's vaccine mandate was not unlawful. Defendants deny that Local 769 failed to hold meetings, failed to consider member concerns, or failed to oppose or push back concerning the mandate. Defendants deny the remaining allegations of paragraph 26.

27. Defendants admit that Plaintiff requested representation from Local 769 concerning United's denial of his religious-accommodation request and his resulting discharge. Defendants deny that Plaintiff repeatedly requested representation from both Local 769 and Esposito in the manner, frequency, or scope alleged in paragraph 27. Defendants deny the remaining allegations of paragraph 27.

28. Defendants admit that Plaintiff requested representation from Local 769 concerning United's denial of his religious-accommodation request and his discharge. Defendants deny that Plaintiff made the specific requests alleged in subparts (a) through (e) of paragraph 28 in the manner, scope, or terms alleged. Defendants further deny that Local 769 or Esposito refused any proper request for representation. Defendants deny the remaining allegations of paragraph 28.

29. Defendants admit that no grievance was filed on Plaintiff's behalf during the period leading up to and surrounding Plaintiff's discharge. Defendants deny the remaining allegations of paragraph 29.

30. Defendants admit that, after Plaintiff's discharge, Local 769 prepared and presented Plaintiff with a draft grievance. Defendants admit that the draft grievance referenced CBA Article 19 and CBA Article 14. Defendants admit that the draft grievance required Plaintiff's authorization for Local 769 to process the grievance and act on his behalf in accordance with the grievance process. Defendants admit that Plaintiff declined to sign the

draft grievance. Defendants deny that the draft grievance was improper, inapplicable, deficient, or evidence of arbitrary, discriminatory, retaliatory, or bad-faith conduct. Defendants deny the remaining allegations of paragraph 30.

31. Defendants admit that Plaintiff declined to sign the draft grievance described in paragraph 30 and that Local 769 did not file that unsigned grievance on Plaintiff's behalf. Defendants deny that the draft grievance was the only action taken by Local 769 in connection with Plaintiff's request for representation. Defendants deny that Local 769 failed or refused to pursue any properly authorized grievance on Plaintiff's behalf. Defendants deny that Local 769 engaged in any ongoing refusal to act. Defendants deny the remaining allegations of paragraph 31.

32. Denied.

**D. Differential Treatment of Members with Non-Religious Grievances**

33. Defendants admit only that Local 769 represented bargaining-unit members in connection with certain workplace matters during the relevant period. Defendants deny that any such members were similarly situated to Plaintiff or that Local 769 treated Plaintiff differently because of religion, protected activity, or any improper motive. Defendants deny the remaining allegations of paragraph 33.

34. Paragraph 34 is asserted "upon information and belief" and lacks supporting factual basis. To the extent a response is required, Defendants admit that 769 represented bargaining-unit members in connection with certain workplace matters during the relevant period. Defendants deny the remaining allegations in paragraph 34.

35. Paragraph 35 is asserted "upon information and belief" and lacks supporting factual basis. To the extent a response is required, Defendants deny the allegations in paragraph 35.

36. Denied.

37. Denied.

38. Denied.

**E. EEOC Charge and Right-to-Sue**

39. Admitted that Plaintiff filed a charge of discrimination against Local 769 with the Equal Employment Opportunity Commission ("EEOC") on or about November 1, 2022, EEOC Charge No. 510-2022-06887, alleging religious discrimination and retaliation by the Union. Defendants deny the rest of the allegations in paragraph 39.

**F. Injuries**

40. Denied.

**COUNT I**

**BREACH OF DUTY OF FAIR REPRESENTATION (RLA)**

**(Against Local 769)**

41. Defendants admit that Plaintiff realleges and incorporates paragraphs 1 through 40. Defendants deny the allegations of paragraph 41 to the extent they incorporate allegations previously denied.

42. Admitted.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

Defendants deny that Plaintiff is entitled to judgment in his favor, compensatory damages, back pay, front pay, lost benefits, emotional-distress damages, interest, attorneys' fees, costs, or any other relief requested in the Wherefore clause following Count I.

**COUNT II**

**RELIGIOUS DISCRIMINATION — TITLE VII, 42 U.S.C. § 2000e-2(c)**

**(Against Local 769 and Esposito in His Official Capacity)**

Count II was dismissed without prejudice by the Court's June 10, 2026 Order [DE 47]. Accordingly, no response to Count II is required. To the extent any response is deemed required, Defendants deny liability under Count II and deny all allegations not expressly admitted.

**COUNT III**

**RETALIATION — TITLE VII, 42 U.S.C. § 2000e-3(a)**

**(Against Local 769 and Esposito in His Official Capacity)**

Count III was dismissed without prejudice by the Court's June 10, 2026 Order [DE 47]. Accordingly, no response to Count III is required. To the extent any response is deemed required, Defendants deny liability under Count III and deny all allegations not expressly admitted.

**DEFENDANT ESPOSITO**

Defendant Esposito states that the only claims asserted against him in the Second Amended Complaint were Counts II and III, both of which were dismissed without prejudice by the Court's June 10, 2026 Order [DE 47]. Count I is asserted against Local 769 only. Accordingly, no claim remains pending against Esposito.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claim is barred, in whole or in part, by the applicable six-month statute of limitations governing duty-of-fair-representation claims under the Railway Labor Act.
2. Plaintiff's claim accrued when Plaintiff knew or reasonably should have known of the acts constituting the alleged breach of the duty of fair representation. Plaintiff cannot avoid the limitations period by characterizing inaction or discrete grievance-related conduct, omissions, or decisions as a continuing violation.
3. Plaintiff's claim is barred, in whole or in part, because Local 769 did not act arbitrarily, discriminatorily, or in bad faith toward Plaintiff.
4. Plaintiff's claim is barred, in whole or in part, because Local 769 at all relevant times acted within the broad discretion afforded to a collective-bargaining representative in evaluating whether, how, and on what terms to pursue requested grievance activity.
5. Plaintiff's claim is barred, in whole or in part, because Local 769 did not refuse representation because of Plaintiff's religion, protected activity, or any other improper motive. Any action or inaction by Local 769 was based on legitimate, non-discriminatory, non-retaliatory, and good-faith considerations.
6. Plaintiff's claim is barred, in whole or in part, because Local 769's conduct was not so irrational, perfunctory, grossly deficient, or wholly without reason as to constitute arbitrary conduct under the duty-of-fair-representation standard.
7. Plaintiff's claim is barred, in whole or in part, because Local 769 did not engage in fraud, dishonesty, concealment, intentional misrepresentation, or other intentionally misleading conduct toward Plaintiff.

8. Plaintiff's claim is barred, in whole or in part, because no properly authorized grievance was refused, abandoned, or mishandled by Local 769 in a manner that breached the duty of fair representation.

9. Plaintiff's claim is barred or reduced because any grievance Plaintiff contends should have been filed or pursued lacked merit, was not contractually viable, was procedurally defective, was untimely, or would not have changed the outcome of Plaintiff's employment status.

10. Plaintiff's claim is barred, in whole or in part, because any alleged failure to file or pursue a grievance was caused by Plaintiff's refusal to authorize Local 769 to proceed with the grievance prepared and presented to him, and not by any arbitrary, discriminatory, bad-faith, fraudulent, dishonest, or otherwise unlawful conduct by Local 769.

11. Plaintiff's alleged damages were not caused by any breach of the duty of fair representation by Local 769. Plaintiff's alleged injuries were caused, in whole or in part, by United Airlines, Plaintiff's own conduct, independent decisions by third parties, or other causes for which Local 769 is not legally responsible.

12. Plaintiff's claimed damages are barred or reduced to the extent Plaintiff failed to exercise reasonable diligence to mitigate his alleged losses, including alleged wage, benefit, reinstatement, front-pay, or emotional-distress damages.

13. Plaintiff is not entitled to recover damages that are speculative, duplicative, unsupported, unavailable as a matter of law, or not proximately caused by any actionable conduct of Local 769.

14. Plaintiff's claim is barred, in whole or in part, to the extent Plaintiff failed to exhaust or pursue available contractual, grievance, appeal, union, administrative, or internal remedies before filing suit.
15. Plaintiff is not entitled to recover punitive damages, Title VII emotional-distress damages, attorneys' fees under 42 U.S.C. § 2000e-5(k), or any other relief available only under Counts II and III, because Counts II and III have been dismissed and the only remaining claim is Plaintiff's duty-of-fair-representation claim under the Railway Labor Act.
16. Plaintiff is not entitled to recover punitive damages against Local 769 on his duty-of-fair-representation claim.
17. Plaintiff is not entitled to recover attorneys' fees on his remaining duty-of-fair-representation claim except to the extent expressly permitted by statute, contract, rule, or other applicable law.
18. Defendant Esposito is not a proper defendant on the remaining claim because Count I is asserted only against Local 769, and Counts II and III, the only counts asserted against Esposito, have been dismissed. Accordingly, no claim remains pending against Esposito.
19. Defendants reserve the right to seek leave to amend their affirmative defenses as permitted by the Federal Rules of Civil Procedure, the Local Rules, and orders of the Court.

Dated: June 22, 2026

Respectfully Submitted,

By: /s/ *Veronica A. Ucros Leon*
**HOWARD S. SUSSKIND (184696)**
**VERONICA A. UCROS LEON (1032006)**
**Sugarman & Susskind, and Braswell, P.A.**
Hsusskind@sugarmansusskind.com
vucros@sugarmansusskind.com

150 Alhambra Cir #725
Coral Gables, FL 33134
Telephone: (305) 529-2801
Facsimile: (305) 447-8115

**Attorneys for Defendants.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 22, 2026 a true and correct copy of the foregoing was served via the Court's CM/ECF on all counsel or parties of record.

Respectfully Submitted,

By: /s/ *Veronica A. Ucros Leon*
**VERONICA A. UCROS LEON**